FILED
CLERK, U.S. DISTRICT COURT
JULY 15 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____RS_____ DEPUTY

JUSTIN H. WILKES
1727 ½ Webster Avenue
Los Angeles, CA 90026
Telephone: (360) 362-8172
Email: justicewithjustin@gmail.com

Self-Represented

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**2:21-CV-05802-DMG-JDEx**

| | |
|---|---|
| JUSTIN H. WILKES,<br><br>    Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) RACE DISCRIMINATION<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) because each United States district court subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. 2000e-5(f)(3) because a substantial part of the events giving rise to this claim occurred in this district and because Plaintiff would have worked in this district but for the alleged unlawful employment practice by Defendant.

## INTRODUCTION

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, which prohibits employment discrimination based on race. This action alleges that Defendant discriminated against Plaintiff because of Plaintiff's race as Black or African American. Plaintiff seeks damages in an amount sufficient to compensate Plaintiff for Plaintiff's loss resulting from Defendant's conduct. Plaintiff hereby requests a jury trial on this matter.

## PARTIES

4. Plaintiff JUSTIN H. WILKES is an individual and resident of Los Angeles County, California.

5. Defendant AMAZON.COM, INC. ("Amazon") is a Delaware domestic corporation, with its principal place of business at 410 Terry Avenue N, Seattle, WA 98109.

# STATEMENT OF FACTS

**A.	Defendant Discriminated Against Plaintiff in Violation of Title VII of the Civil Rights Act of 1964**

6.	This is an action for damages based upon Defendant's practice of employment discrimination against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

7.	Plaintiff is Black or African American.

8.	On November 6, 2020, Plaintiff applied for a legal position with Defendant. Defendant sought applicants to fill a Corporate Counsel position in Seattle, WA.

9.	Defendant intentionally discriminated against Plaintiff. As a result, Plaintiff suffered severe mental and emotional distress.

10.	Between October-November 2020, Defendant set out to toy with Plaintiff.

11.	In October 2020, Plaintiff reached out to Defendant regarding a Corporate Counsel position. At that time, Defendant requested a resume from Plaintiff. Defendant then asked Plaintiff to resubmit an updated resume. Defendant provided voluminous instructions on how to do so. Plaintiff then made several changes as instructed. The changes took Plaintiff several hours and several days to

complete.

12. On November 6, 2020, Defendant interviewed Plaintiff. During their call, Defendant shared that the Corporate Counsel position had recently been filed. Defendant did not ask Plaintiff any questions. Instead, Defendant discussed salary and benefits with Plaintiff generally. Defendant also described careers in legal.

13. Following the interview, Defendant sent Plaintiff a follow-up email. The email included next steps in the hiring process with Defendant. Defendant required Plaintiff to file an application. This time, Defendant asked Plaintiff to apply for a separate Corporate Counsel position with Defendant. Defendant required Plaintiff to submit a drafting assignment. The drafting assignment took Plaintiff multiple days to complete. Defendant required Plaintiff to review several documents. The documents included Defendant's Leadership Principles, a Benefits guide and Phone Interview Preparation Tips. Defendant also scheduled a follow-up interview.

14. On November 16, 2020, Defendant assisted Plaintiff with rescheduling on November 23, 2020.

15. On November 23, 2020, Defendant failed to send an invitation to Plaintiff. As a result, Plaintiff's performance suffered while interviewing with Defendant's Senior Corporate Counsel, Jordan Crandall for the Corporate Counsel position. Defendant actions caused Plaintiff to fail.

16. On December 1, 2020, Defendant rejected Plaintiff.

## CAUSE OF ACTION

**(For Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 by Plaintiff Justin H. Wilkes against Defendant Amazon.com, Inc.)**

17. Plaintiff repeats and realleges the foregoing allegations with the same force and effect as if fully set forth herein.

18. Plaintiff believes and alleges that race was a motivating factor in Defendant's decision not to hire Plaintiff in December 2020.

19. Defendant subjected Plaintiff to discrimination as an applicant for the Corporate Counsel position.

20. Defendant's conduct as alleged constitutes an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

21. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race. Section 703(a)(1), as codified in 42 U.S.C. § 2000e-2(a)(1) of the United States Code, provides that it shall be an unlawful employment practice for an employer:

> "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…"

Provided in section 703(a)(2), as codified in 2000e-2(a)(2) of the United States Code, it is impermissible for an employer:

> "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

As previously described in section 703(a)(1), section 703(m) further emphasizes that:

> "Except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

22.    In <u>Griggs v. Duke Power Co.</u>, 401 U.S. 424, 429 (1971), the United States

Supreme Court explained that:

> "the language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens."

Griggs held that:

> "What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification." Id. at 431.

23. The United States Supreme Court, in Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981), defined the burden of proof under Title VII of the Civil Rights Act of 1964. Id. at 248. To establish a prima facie case of disparate treatment, Burdine provided that:

> "The plaintiff must prove by the preponderance of the evidence that [he] applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." Id. at 253.

24. In this case, Defendant's refusal to hire Plaintiff for the Corporate Counsel position violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

25. As proscribed in section 703(a)(1), Defendant engaged in an unlawful employment practice when Defendant refused to hire Plaintiff for the Corporate Counsel position on December 1, 2020 because of Plaintiff's race as Black or African American. Plaintiff's claim for discrimination arose when Defendant rejected Plaintiff following several occasions that caused interruptions in Plaintiff's interview schedule and following Defendant's providing Plaintiff a pre-employment drafting assignment based on Plaintiff's race.

26. Defendant impermissibly limited, segregated and classified Plaintiff as an applicant because of Plaintiff's race. Defendant's conduct deprived Plaintiff of the Corporate Counsel opportunity. Defendant's conduct resulted in Plaintiff being blackballed from Defendant's organization, as forbidden by section 703(a)(2).

27. Race was a motivating factor for Defendant's employment practices against Plaintiff, as described in section 703(m).

28. Similar to <u>Griggs</u>, Defendant fostered a racially stratified job environment to Plaintiff's disadvantage. Defendant created disturbances on several occasions in Plaintiff's hiring process. Defendant failed to assure equal employment opportunity in these instances. As a result, Defendant also failed to eliminate discriminatory practices motivated by the pandemic and the political climate of today.

29. Defendant sought to create artificial, arbitrary, and unnecessary barriers that prevented Plaintiff, as a member of a racial minority, from being selected for the Corporate Counsel position. The barriers imposed by Defendant, on numerous occasions, operated to invidiously discriminate based on Plaintiff's race and, as a result, disproportionately impacted communities of color.

30. Plaintiff has suffered and will continue to suffer substantial losses in earnings and job benefits. Plaintiff has suffered and will continue to suffer mental and emotional distress, pain and suffering, all to Plaintiff's damage in an amount to be proven at trial. Plaintiff was rendered sick, sore and disabled, both internally and externally, and has suffered numerous internal injuries, such as severe fright, shock, pain and discomfort. The exact nature and extent of said injuries are not known to Plaintiff, who will request leave of court to insert the same when ascertained. Plaintiff does not at this time know the exact permanence of said injuries, but is informed and believes, and thereon alleges, that some of Plaintiff's injuries are reasonably certain to be permanent in character.

31. Defendant intentionally engaged in the unlawful employment practice described against Plaintiff. Plaintiff, therefore, is entitled to an award of punitive damages against Defendant.

32. Plaintiff has suffered damages and seeks all remedies available at law and in equity in an amount to be proven at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. For affirmative action as may be appropriate.

2. For each offense in an amount that may be determined by a jury.

3. For a permanent injunction or other order to ensure full and fair consideration from Defendant if Plaintiff seeks similar employment in the future.

4. For compensatory damages, including back pay, lost wages and benefits, emotional and mental distress, medical and related expenses, and other pecuniary loss not presently ascertained according to proof in an amount to be determined at trial.

5. For punitive damages.

6. For prejudgment interest on all amounts claimed.

7. For any other equitable relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

DATED: July 15, 2021                JUSTIN H. WILKES

By: _____

JUSTIN H. WILKES

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Justin H. Wilkes<br>18546 Kerill Road<br>Triangle, VA 22172 | From: Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2021-02014 | Garrett D. Hoover,<br>Intake Supervisor | (213) 785-3001 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M Viramontes *(Digitally signed by Rosa M Viramontes Date: 2021.04.15 11:13:16 -07'00')*

April 15, 2021

Rosa M. Viramontes,
District Director

*(Date Issued)*

Enclosures(s)

cc: Neil M. Alexander
Littler CaseSmart
AMAZON C/O LITTLER MENDELSON PC
2301 Mcgee St Ste 800
Kansas City, MO 64108